UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL FIALKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>    Defendants. | No. 1:13-cv-11928-DPW<br><br>CLASS ACTION |
| ABDUL R. CHAUDRY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>    Defendants. | **No. 1:13-cv-12266-DPW**<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SEAFARERS PENSION PLANS AND OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I. PRELIMINARY STATEMENT

Presently pending before this Court are two securities class action lawsuits (the "Actions") brought on behalf of purchasers of Microsoft Corporation securities ("Microsoft" or the "Company") between April 18, 2013 and July 18, 2013, inclusive (the "Class Period"). The Action charges Microsoft and certain of its officers (collectively, "Defendants") with violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private

Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiffs Seafarers Pension Plan, Seafarers Officers and Employees Pension Plan, United Industrial Workers Pension Plan, MCS Supplementary Pension Plan (the "Seafarers Pension Plans"), and Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") (collectively, the "Pension Plans"), hereby move this Court for an order: (i) consolidating the related Actions pending before this Court pursuant to Federal Rule of Civil Procedure 42(a); (ii) appointing the Pension Plans as Lead Plaintiff in the Action; and (iii) approving the Pension Plans' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel and Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP ("Hutchings Barsamian") to serve as Liaison Counsel.

This motion is made on the grounds that the Actions pending before this Court involve common questions of law and fact, rendering consolidation appropriate.  Further, the Pension Plans are the most adequate plaintiffs, as defined by the PSLRA, to represent the Class.  The Pension Plans suffered a loss of approximately $359,988 in connection with their transactions of Microsoft securities during the Class Period.  *See* Hess-Mahan Decl. Ex. B.[1]  Moreover, the Pension Plans, for the purposes of this motion, adequately satisfy the requirements of Federal Rule of Civil Procedure 23 in that their claims are typical of the claims of the putative class members and that they will fairly and adequately represent the interests of the class.

---

[1] References to the "Hess-Mahan Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan in Support of the Motion of the Seafarers Pension Plans and Oklahoma Firefighters Pension and Retirement System for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated October 11, 2013, and submitted herewith.

## II. FACTUAL BACKGROUND

Microsoft is the world's largest software company, primarily as a result of its near-monopoly on Windows personal computer ("PC") operating system software and its Microsoft Office collection of productivity programs. The complaint alleges that, during the Class Period, Defendants issued materially false and misleading statements regarding the Company's financial performance and its tablet computer, the Surface RT.

Specifically, Defendants misrepresented and failed to make public the following adverse facts: (i) that the Company's Surface RT product was experiencing poor customer demand and lackluster sales; (ii) that the Company's Surface RT inventory experienced a material decline in value during the quarter ended March 31, 2013; (iii) that the Company's financial statements for the quarter ended March 31, 2013 were materially false and misleading and violated Generally Accepted Accounting Principles and Microsoft's publicly disclosed policy of accounting for inventories; (iv) that the Company's Form 10-Q for its third quarter of 2013 failed to disclose then presently known trends, events or uncertainties associated with the Surface RT product that were reasonably likely to have a material effect on Microsoft's future operating results; and (v) that based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company's Surface RT product during the Class Period.

On July 18, 2013, Microsoft issued a press release announcing its financial results for the fiscal 2013 fourth quarter and year end, the periods ended June 30, 2013. For the quarter, the Company reported revenue of $19.9 billion and net income of $4.97 billion, or $0.59 per share. The Company's results for the quarter were adversely impacted by a $900 million inventory charge, or an amount equal to $.07 per share, related to Surface RT "inventory adjustments." On this news, Microsoft common stock suffered its biggest price decline in more than four years, plunging $4.04 per share, or 11.4%, on very heavy trading volume to close at $31.40 per share.

**III.   ARGUMENT**

    **A.   The Related Actions Pending before this Court Should be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 22 (D. Mass. 2000).[2] At present, there are two securities class actions pending before this Court against Microsoft and certain of its officers: (1) *Fialkov v. Microsoft Corp. et al.*, No. 13-cv-11928, filed April 12, 2013 and (2) *Chaudry v. Microsoft Corp. et al.*, No. 13-cv-12266, filed September 12, 2013. These Actions present identical factual and legal issues, assert identical claims under the securities laws, and name the same defendants. Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

    **B.   The Pension Plans Should Be Appointed Lead Plaintiff**

        **1.   The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

---

[2]   Unless otherwise noted, all emphasis is added and citations omitted.

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §§78u-4(a)(3)(A)(i).  Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on August 12, 2013.  *See* Hess-Mahan Decl. Ex. A.[3]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[3]  The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (emphasis and citations omitted).

15 U.S.C. §78u-4(a)(3)(B)(iii); *see State Universities Ret. Sys. of Ill. v. Sonus Networks, Inc.*, 2006 U.S. Dist. LEXIS 93328, at *3 (D. Mass. Dec. 27, 2006); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001).

### 2. The Pension Plans Satisfy the "Lead Plaintiff" Requirements of the PSLRA

#### a. The Pension Plans Timely Move for Appointment as Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on October 11, 2013.  15 U.S.C. §78u-4(a)(3)(A) & (B).  Pursuant to the provisions of the PSLRA and within the requisite time frame, the Pension Plans timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The authorized representatives of the Seafarers Pension Plans and Oklahoma Firefighters have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class.  *See* Hess-Mahan Decl. Ex. C.  In addition, the Pension Plans have submitted a Joint Declaration attesting that they have conferred about the motion, understand their responsibilities as Lead Plaintiff, and wish to pursue this motion jointly for the benefit of the class.  *See* Hess-Mahan Decl. Ex. D.  Further, the Pension Plans have selected and retained competent counsel to represent it and the class.  *See* Hess-Mahan Decl. Ex. E, F.  Accordingly, the Pension Plans are entitled to have their application for appointment as Lead Plaintiff and selection of counsel considered and approved by the Court.

#### b. The Pension Plans Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, s*ee* Hess-Mahan Decl. Ex. C, the Pension Plans purchased Microsoft securities in reliance upon materially false and misleading statements issued by the Defendants and were injured

thereby.  As a result, the Pension Plans incurred a substantial $359,988 loss on their transactions in Microsoft securities.  Hess-Mahan Decl. Ex. B.  The Pension Plans, thus, have a significant financial interest in this case.  15 U.S.C. §78u-4(a)(3)(B).

### c. The Pension Plans Otherwise Satisfy Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  *In re Lernout*, 138 F. Supp. 2d at 46 ("Only the last two prongs, typicality and adequacy, need to be satisfied for purposes of this inquiry."); *Sonus Networks*, 2006 U.S. Dist. LEXIS 93328, at *7 ("MPERS has made the prima facie showing of adequacy and typicality required by Rule 23").  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification.  *Greebel*, 939 F. Supp. at 60 (lead plaintiff motions and class certification motions involve distinct inquiries; Congress implicitly understood that lead plaintiff motions "would be decided prior to consideration of certification issues.").  The Pension Plans satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *In re Lernout*, 138 F. Supp. 2d at 46. Moreover, "[f]or the plaintiff to meet this burden, it need not show identical claims." *Id.*

The Pension Plans satisfy this requirement because, just like all other class members, they: (1) purchased Microsoft securities during the Class Period; (2) purchased Microsoft securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, their claims are typical of those of other class members since every claim arises out of the same course of events and are based on the same legal theories. *Sonus Networks*, 2006 U.S. Dist. LEXIS 93328, at *7 ("There is no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable.").

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a)(4). "To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout*, 138 F. Supp. 2d at 46.

Here, the Pension Plans are adequate representatives of the class because their interests in the Action are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Pension Plans and the other members of the class. Further, the Pension Plans have taken significant steps that demonstrate that they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below,

proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Pension Plans *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Moreover, the Pension Plans are institutional investors and precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see also In re Lernout*, 138 F. Supp. 2d at 43 (the PSLRA responds to congressional desire "to increase the likelihood that institutional investors will serve as lead plaintiffs. . . . .").

Lastly, further evidencing their adequacy, the Seafarers Pension Plans and Oklahoma Firefighters have executed (and submit herewith) a Joint Declaration explaining their decision to jointly prosecute the Actions as Lead Plaintiff, their commitment to maximizing recovery for the Class, and their understanding of the need to oversee the efficient prosecution of this case.  *See* Hess-Mahan Decl., Ex. D.

### C. The Court Should Approve the Pension Plans' Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, the Pension Plans have selected Robbins Geller to serve as Lead Counsel.  This firm has substantial experience in the prosecution of shareholder and securities class actions.  *See* Hess-Mahan Decl., Ex. E.  Additionally, the Pension Plans have selected Hutchings Barsamian, a well regarded firm residing in this District, to serve as Liaison Counsel.  *See* Hess-Mahan Decl. Ex. F.

Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available. Accordingly, the Court should approve the Lead and Liaison Counsel selected by the Pension Plans.

## IV. CONCLUSION

For all the foregoing reasons, the Pension Plans respectfully request that the Court: (i) consolidate the related actions; (ii) appoint the Pension Plans as Lead Plaintiff in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: October 11, 2013

HUTCHINGS, BARSAMIAN, MANDELCORN
  & ZEYTOONIAN, LLP
THEODORE M. HESS-MAHAN, BBO #557109


*/s/ Theodore M. Hess-Mahan*
THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, Massachusetts 02481
Telephone: 781/431-2231
781/431-8276 (fax)
thess-mahan@hutchingsbarsamian.com

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
ekaufman@rgrdlaw.com

        ROBBINS GELLER RUDMAN
          &amp; DOWD LLP
        DOUGLAS WILENS
        SABRINA E. TIRABASSI
        120 E. Palmetto Park Road, Suite 500
        Boca Raton, FL  33432-4809
        Telephone:  561/750-3000
        561/750-3364 (fax)
        dwilens@rgrdlaw.com
        stirabassi@rgrdlaw.com

        [Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 11, 2013.

        **/s/Theodore M. Hess-Mahan**
        Theodore M. Hess-Mahan